UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MICHELLE A. YARBROUGH,<br><br>  Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 6:22-cv-00360<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHELLE A. YARBROUGH ("Plaintiff"), by and through the undersigned, complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to these claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 that resides in Eustace, Texas, within the Eastern District of Texas.

5. Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of Texas. Defendant is a limited liability company organized and existing under the laws of Virginia with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a Capital One Bank debt in the approximate amount of $892.00 ("subject consumer debt"), alleged to be owed by Plaintiff.

8. Upon information and belief, after the subject consumer debt was in default, Defendant acquired the right to collect or attempt to collect the subject consumer debt.

9. Sometime in the year 2020, Plaintiff began receiving phone calls to her cellular phone (903) XXX-8115, from Defendant.

10. At all times relevant to this instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8115. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone numbers (903) 347-5127 and (808) 201-7832 when placing collection calls to Plaintiff's cellular phone but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers during its debt collection activity.

13. Upon answering one of the first calls from Defendant, Plaintiff was informed of Defendant's intent to collect upon the subject consumer debt. Plaintiff explained to Defendant that she could not afford to pay the subject consumer debt and that her husband was going through medical issues that created financial hardships for them.

14. Nevertheless, Defendant continued to relentlessly harass Plaintiff with countless and continued phone calls. In response, Plaintiff demanded that Defendant's phone calls cease, but her pleas fell on deaf ears as Defendant continued to harass her with phone calls to her cellular phone.

15. During the early months of 2022, Plaintiff again spoke to Defendant about its harassing calls, also communicating that her mother was experiencing severe health issues that eventually caused her mother to pass away, and that she could not afford the subject consumer debt with everything she had going on. Moreover, Plaintiff again demanded that Defendant stop calling her and leave her alone, but again her pleas fell on deaf ears as Defendant continued its harassing collection campaign.

16. Defendant has repeatedly harassed Plaintiff by continuing to call her despite having communicated her financial hardships and demands for Defendant to stop calling her.

17. Defendant systematically varies the phone numbers it calls from in order to coerce Plaintiff into answering such and making payment on the subject consumer debt.

18. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she did not want Defendant calling her.

19. Frustrated over Defendant's conduct, Plaintiff spoke to the undersigned regarding her rights, exhausting time, money, and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of her federal and state-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a (6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

26. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d and 12 C.F.R. § 1006.14.**

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(5) further prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

29. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff

notified Defendant orally that its calls were not welcome and needed to cease, further informing Defendant that she could not afford the subject consumer debt given her financial hardships. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debts, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debts from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debts.

    b.  **Violations of 15 U.S.C § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

32. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through her cellular phone despite Plaintiff having made Defendant aware such communications were unwanted. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

    c. **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated § 1692f when it unfairly and unconscionably continued to call Plaintiff after Plaintiff demanded that Defendant cease in calling her.

WHEREFORE, Plaintiff, MICHELLE A. YARBROUGH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "debt collector" and/or a "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

38. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone multiple times after she notified it to stop calling her. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

41. Upon being told to stop calling, Defendants had ample reason to be aware that it should not continue its harassing calling campaign. However, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that their conduct was unwelcome.

### b. Violations of TDCA § 392.304

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

43. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that they had the lawful ability to continue contacting her cellular phone absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, MICHELLE A. YARBROUGH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

46. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone curtailed Plaintiff's right to privacy.

47. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day was highly intrusive and invasive.

48. Defendant's unsolicited phone harassment severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing debt collection campaign.

49. These persistent collection calls eliminated the peace that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff was subjected to Defendant's collection campaign.

50. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject consumer debt, Plaintiff had no reasonable escape from these incessant calls.

51. Defendant's relentless collection conduct and tactic of repeatedly calling Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

52. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing several uncontested phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, MICHELLE A. YARBROUGH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney fees & costs;

e. Enjoining Defendant from further contacting Plaintiff and seeking payment of the subject consumer debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT IV - TRESPASS TO CHATTELS

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

55. The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." Mey v. Got Warranty, Inc., 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

56. Courts have applied this tort theory to unwanted telephone calls. See *Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.*, 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

57. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

58. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

59. Defendant barraged Plaintiff with numerous calls, leaving her unable to use or possess her cellular phone in the manner in which she wanted to.

60. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting her on numerous occasions.

61. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to her cellular phone, the loss of battery charge, and the loss of battery life.

62. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with Plaintiff's possession of her cellular phone.

WHEREFORE, Plaintiff, MICHELLE A. YARBROUGH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Entering judgment in favor of Plaintiff and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial;

c. Awarding Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: September 12, 2022                Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com